J-S79011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIZENS BANK OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEUNG YUN KWON-LEE | : | |
| | : | |
| Appellant | : | No. 1043 MDA 2018 |

Appeal from the Order Entered June 19, 2018
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2015-03550

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 15, 2019**

Appellant, Seung Yun Kwon-Lee, appeals *pro se* from the order granting the motion for judgment on the pleadings filed by Appellee, Citizens Bank of Pennsylvania, in this mortgage foreclosure action.  We affirm.

The trial court set forth the procedural history of this case as follows:

In this Mortgage Foreclosure action, [Appellee] commenced foreclosure proceedings against Defendant mortgagors[1] by Complaint on June 29, 2015 in response to their alleged default on monthly payment obligations contained in a HELOC[2] ("Note") and secured by a mortgage on the Defendants' property. [Appellant] filed her answer on July 28, 2015.  [Appellee] filed an amended complaint on June 20, 2016.  [Appellant] filed various non-responsive pleadings between July 22, 2016 and July 25, 2017.[6]  Following oral argument, on April 10, 2018, [Appellee's] preliminary objections filed on August 8, 2017 were sustained and [Appellant's] counterclaims[7] were dismissed with prejudice. [Appellee] thereafter filed a Motion for Judgment on the Pleadings. After briefing and oral argument by both parties, this [c]ourt granted [Appellee's] Motion.  [Appellant] filed her notice of appeal from the June 18, 2018 Order on June 26, 2018.  On June 27,

2018, this [c]ourt directed [Appellant] to file a Concise Statement of Errors.

> [1] This action was originally brought against co-defendants E. Hoon Kwon and Seung Yun Kwon-Lee. Defendant E. Hoon Kwon did not file an answer to the Complaint and has not participated otherwise in the proceedings to date.
>
> [2] Home Equity Line of Credit.
>
> [6] See generally Def.'s Affirmative Defenses and Counterclaims, July 22, 2016; Def.'s Improved Affirmative Defenses and Counterclaims, November 29, 2016; Def.'s Mot. to Compel Discovery, January 6, 2017; Def.'s Second Counterclaim, February 27, 2017; Def.'s New Matter and Mot. to Strike Pl.'s False Affidavits, May 18, 2017; Def.'s Amended Counterclaim upon New Matter, July 25, 2017.
>
> [7] [Appellant's] claims against [Appellee] included, inter alia, slander of title, abuse of civil process, intentional infliction of emotional distress, fraud, identity theft, forgery, and various violations of state and federal law. See generally id.

Trial Court Opinion, 9/14/18, at 1-2 (certain footnotes omitted).

On July 16, 2018, Appellant filed her Pa.R.A.P. 1925(b) statement of errors. The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on September 14, 2018.

Appellant presents the following issues for our review:

1. Whether [Appellee] raised illegal allegations.

2. Whether [Appellee] has attached the note underlying the mortgage.

3. Whether [Appellant] has executed a promissory note secured on her mortgage[.]

- 2 -

4. Whether the Court erred by admitting HELOC into evidence as a Note.

5. Whether [Appellee] is the true holder of the debt and has standing to foreclosure [sic].

6. Whether the Complaint Verification was defectives pursuant to Pa.R.C.P. 1024(b), thus precluding judgment.

7. Whether [Appellee's] counsel illegally engaged in Tampering with Evidences [sic][.]

Appellant's Brief at 1.

Before addressing the merits of Appellant's issues, we must determine whether those issues are properly before us. The trial court has asserted that Appellant's Pa.R.A.P. 1925(b) statement is incomprehensible and unnecessarily expansive. We agree.

A concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the issues the appellant wishes to raise on appeal. *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (quoting *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006)). Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). *See also Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000) (stating

- 3 -

that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal").

This Court has considered the question of what constitutes a sufficient Pa.R.A.P. 1925(b) statement on numerous occasions and has established that "[an] appellant's concise statement must properly specify the error to be addressed on appeal." *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." *Id*. (brackets, internal quotation marks, and citation omitted).

The compulsory requirement of adhering to Pa.R.A.P. 1925 is captured in the following excerpt from *Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004):

> In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (Pa. 1999), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pennsylvania Rule of Appellate Procedure] 1925." *Lord*, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." *Id*. This Court explained in *Riley v. Foley*, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-[6]87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise[] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa. Super. 2002).

*Kanter*, 866 A.2d at 400.

Our law further makes clear that satisfaction of Pa.R.A.P. 1925 is not simply a matter of filing any statement. Rather, the statement must be concise and sufficiently specific and coherent as to allow the trial court to understand the specific allegation of error and offer a rebuttal. These requirements are evident in the following language from *Dowling*:

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.
>
> . . . While *Lord* and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, [a]ppellant's Concise Statement was not specific enough for the trial court to identify and address the issue [a]ppellant wished to raise on appeal. As such, the court did not address it. Because [a]ppellant's vague Concise Statement has hampered appellate review, it is waived.

*Dowling*, 778 A.2d at 686-687 (citations and quotation marks omitted).

Moreover, as we stated in *Reeves*:

> There is a common sense obligation to give the trial court notice as to what the trial court should address in its Rule 1925(a) opinion. While there is a middle ground that [an appellant] must travel to avoid having a Rule 1925(b) statement so vague that the trial judge cannot ascertain what issues should be discussed in the Rule 1925(a) opinion or so verbose and lengthy that it frustrates the ability of the trial judge to hone in on the issues actually being presented to the appellate court, *see Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004), that is not an onerous burden to place on [an appellant]. It only requires using a little common sense.

- 5 -

***Reeves***, 907 A.2d at 2-3.

In addition, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citing ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003)). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Adams***, 882 A.2d at 498 (citing ***Commonwealth v. Rivera***, 685 A.2d 1011 (Pa. Super. 1996)).

In essence, the purpose of requiring a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b) is to allow the trial court to easily discern the issues an appellant intends to pursue on appeal and to allow the court to file an intelligent response to those issues in an opinion pursuant to Pa.R.A.P. 1925(a). Appellant's Pa.R.A.P. 1925(b) statement fails in this regard.

The trial court offered the following comments regarding Appellant's Pa.R.A.P. 1925(b) statement, which compels our conclusion:

> Pursuant to Pa.R.A.P. 1925(b), [Appellant] filed a statement of errors on July 16, 2018. [Appellant's] *pro se* statement of errors, consisting of five pages and fifty-one numbered paragraphs, is both inscrutable and unnecessarily expansive. As well as we can glean, [Appellant] raises four issues for review: whether the Court erred in granting [Appellee's] motion for judgment on the pleadings where (1) [Appellant] did not sign the mortgage documents; (2) [Appellee] did not provide proper documentation of the mortgage in its pleadings; (3) [Appellee]

- 6 -

does not have standing to foreclose on [Appellant's] property; and (4) there was no verification of the judgment amount awarded to [Appellant]. As discussed *infra*, these issues are meritless. All other issues in [Appellant's] statement of errors are completely frivolous, redundant, incomprehensible, are an obvious effort to delay, and/or to punish [Appellee] for bringing suit against her and this [c]ourt for ruling adversely to her.[14] We also note that we have given [Appellant] ample time and opportunity to present her case, considering her *pro se* status, and have fully considered all her arguments throughout the life of this matter.[15] At this time, it appears that [Appellant's] continued efforts to use the judicial system to resist foreclosure, instead of allowing the foreclosure to move forward and the subject property to be sold as ordered, are simply attempts to further delay this process.[16] [Appellant] does not now raise any genuine issue of material fact with which to continue proceedings, and presents no legal argument with which to bolster a claim that this court erred by granting [Appellee's] motion for judgment on the pleadings. Accordingly, this [o]pinion is written in support of our judgment [p]ursuant to Pa.R.A.P. 1925(a).

[14] [Appellant] variously accuses [Appellee] of "tampering" and "defacing" documents, creating and submitting false and fraudulent evidence to the court, false swearing, identity theft, and conspiracy. [Appellant] accuses the court of allowing [Appellee] to engage in fraudulent and criminal activity by "simply ignoring the counsel's behavior," and entering unlawful Orders.

[15] We have granted [Appellant] extensions of time to file and leave to amend pleadings, provide access to a county-funded interpreter to aid with her case (of which she neither requested nor took advantage), allowed her to fully participate at oral argument on two separate occasions, and have been otherwise lenient with the requirements of civil procedure in the interest of ensuring her access to the judicial system. See Order of Court, In Re: Pl.'s Mot. to Make Rule Absolute, March 17, 2016 (Peck, J.); Order of Court, In Re: Def.'s Mot. for Extension of Time to Answer, October 17, 2016 (Peck, J.); Order of Court, In Re: Def.'s Mot. to Compel Discovery, February 8, 2017 (Peck, J.); Order of Court, In Re: Def.'s Mot. for Leave

- 7 -

to Amend Counterclaim upon New Matter, June 16, 2017 (Peck, J.).

[16] We will also note that according to the record in this case, [Appellant] has continued to reside in the subject property without making any payments toward the mortgage since July 20, 2014.

Trial Court Opinion, 9/14/18, at 2-3 (brackets and certain footnotes omitted).

Our review of the certified record reflects that Appellant's Pa.R.A.P. 1925(b) document rambles on for five pages in a barely coherent fashion, listing fifty-one confusing statements that fail to present thoughtfully any legal issues. The ultimate result of Appellant's presentation is that any issues Appellant wished to raise in this appeal are lost in the midst of the incoherent litany laid out in her Pa.R.A.P. 1925(b) statement. Thus, due to the presentation of Appellant's Pa.R.A.P. 1925(b) statement, the trial court was compelled to guess at the issues that Appellant sought to preserve and raise on appeal. However, even if the trial court correctly guessed the issues Appellant wanted to raise, and wrote its opinion pursuant to that supposition, the issues are waived. *Kanter*, 866 A.2d at 400. Given the foregoing, we conclude that Appellant's challenges to the trial court's order granting judgment on the pleadings are waived. Therefore, we affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/15/2019</u>