J-S04012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SCOTT TEIXEIRA :
:
Appellant : No. 511 MDA 2018

Appeal from the Judgment of Sentence February 27, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002996-2016

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 28, 2019**

Appellant, Scott Teixeira, appeals from the judgment of sentence entered following his conviction of various crimes pertaining to him exposing his genitals to two women.  Appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition to withdraw and affirm.

The trial court summarized the history of this case as follows:

On October 25, 2016, the Commonwealth filed an eight (8) count criminal Information charging [Appellant] with two (2) counts of Indecent Exposure, 18 Pa.C.S.A. §3127 §§ (A); two (2) counts of Open Lewdness, 18 Pa.C.S.A. §5901; two (2) counts of Harassment, 18 Pa.C.S.A § 2709 §§(A)(4); and two (2) counts of Disorderly Conduct, 18 Pa.C.S.A. §5503 §§(A)(3).  The charging documents, in summary, alleged that [Appellant] was employed as a tow truck driver who responded to a service call made by a

_____
*   Former Justice specially assigned to the Superior Court.

female motorist. Upon arriving at the scene of the service call, [Appellant] began making lewd gestures and remarks and ultimately he removed his genitals and exposed himself to the female driver and a second female who accompanied her.

A jury trial commenced on January 10, 2018, and after the conduct of a trial and the jury's deliberation, [Appellant] was convicted of Indecent Exposure, Open Lewdness and Disorderly Conduct.[1] [Appellant] was acquitted of both counts of Harassment. (N.T. Trial p. 158-159). On February 27, 2018, [Appellant] appeared for sentencing. After having considered the Pre-Sentence Investigation (PSI), the arguments of counsel, and the allocution of [Appellant], we sentenced [Appellant] to an aggregate term of thirty (30) months of probation supervision.[2] [Appellant] was advised of his post-sentence rights and the record was closed. (N.T. Trial p. 6).

[1] The Commonwealth charged one count of Open Lewdness, Disorderly Conduct and Indecent Exposure for each of the two (2) victims in the case. It having become clear that the duplicate counts derived from the same act of [Appellant], the [trial c]ourt asked counsel to provide authority to support charging [Appellant] with two (2) distinct counts of Open Lewdness, Disorderly Conduct and Indecent Exposure for the same contemporaneous acts as against two (2) victims. Counsel was given an opportunity to research the issue raised by the [trial c]ourt and agreed to resolve the matter by submitting one (1) count each of the Open Lewdness, Disorderly Conduct and Indecent Exposure charges to the Jury's consideration. N.T. Trial pgs. 124-127.

[2] On count one (1) Indecent Exposure, [the trial court] sentenced [Appellant] to a term of twenty-four (24) months of probation. [The trial court] deemed count three (3), Open Lewdness to merge for sentencing purposes with count one (1). On count seven, Disorderly Conduct, [the trial court] sentenced [Appellant] to a six (6) month term of probation to run consecutive to the sentence imposed on count one (1).

- 2 -

On March 26, 2018, [Appellant], acting pro se, filed a document titled "Brief."[3] In response to [Appellant's] filing [the trial court] scheduled a hearing to ascertain whether or not he wished to be represented by counsel in his appeal. *See* Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

> [3] [The trial court] deemed [Appellant's] pro se brief as a timely Notice of Appeal.

On May 9, 2018, following the conduct of a hearing, [the trial court] determined that [Appellant] wished to be represented by counsel in his appeal. By order dated May 11, 2018, [the trial court] appointed Attorney Matthew Kelly to represent [Appellant]. In a second Order issued that same date, [the trial court] directed Attorney Kelly to file a Concise Statement pursuant to Pa. R.A.P. 1925(b) within twenty-one (21) days of the date of [the] Order and asked the Commonwealth to respond thereto within twenty-eight (28) days. (Order 5/11/2018).

On June 1, 2018, [Appellant's] counsel filed a Concise Statement raising two (2) issues, a general allegation that the evidence was insufficient as to "all of the elements of the above offenses..." and an allegation that the [trial c]ourt erred in failing to dismiss a particular juror over a defense objection. (Concise Statement filed 6/1/18). On June 8, 2018, [Appellant's] counsel filed a "Supplemental Statement of Matters Complained of On Appeal Pursuant To Pa. R.A.P 1925(b)" which raised one additional issue alleging that the "Commonwealth violated Rule 600 in failing to call the case for trial within the timeframe set forth therein." ([Appellant's] Supplemental Concise Statement filed 6/8/18). The Commonwealth declined to respond to [Appellant's] Concise Statements.

Trial Court Opinion, 10/25/18, at 1-3.

As noted, counsel has filed a petition to withdraw from representation. Before we address any questions raised on appeal, we must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements

imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, those directives have been satisfied. Within the petition to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the **Anders** brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

Counsel's brief is compliant with *Santiago*. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel has identified the following issues that Appellant believes entitle him to relief:

I. Whether the evidence was sufficient to support a guilty verdict.

II. Whether the trial court erred in failing to dismiss a juror.

III. Whether the Commonwealth violated Rule 600 in failing to call the case for trial within the requisite timeframe.

*Anders* Brief at 1.

Appellant first argues that the evidence was insufficient to support his convictions. *Anders* Brief at 5-6. Specifically, Appellant contends that the evidence did not show beyond a reasonable doubt that Appellant committed the crimes of indecent exposure, open lewdness, and disorderly conduct. *Id*.

Our standard of review is well established:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no

probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Estepp**, 17 A.3d 939, 943-944 (Pa. Super. 2011).

The crime of indecent exposure is defined as follows:

**(a) Offense defined. —** A person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm.

18 Pa.C.S. § 3127(a). Regarding open lewdness, the Crimes Code sets forth that "[a] person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S. § 5901. In addition, the crime of disorderly conduct is defined, in pertinent part, as follows:

**(a) Offense defined. —** A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

\* \* \*

(3) uses obscene language, or makes an obscene gesture.

18 Pa.C.S. § 5503(a)(3).

In addressing this issue, the trial court offered the following analysis:

- 6 -

A review of the facts of the instant case and the testimony of the Commonwealth's witnesses, clearly indicate that the evidence was more than sufficient to enable a jury to find [Appellant] guilty of Indecent Exposure, Open Lewdness, and Disorderly Conduct.

* * *

In [Appellant's] case, the Commonwealth's first witness testified that the vehicle she was driving became disabled at the intersection of Pierce and North Gates Street in Kingston, Pennsylvania. (N.T. Trial p. 45) She called a friend who lived nearby to accompany and assist her. (Id. p. 45-46). A police officer and a parent of her friend helped her push the vehicle out of the way of traffic. (Id.) The officer and parent then left the scene leaving the female driver and her friend to wait for [Appellant's] tow truck which they summoned by phone. (Id.) Ultimately, [Appellant] responded to the service call and began working on the disabled vehicle. (Id. p. 48) It wasn't long before [Appellant] exposed his genitals to the motorist and her company. The witness['s] pertinent testimony was as follows:

Q. So you're about this far from him. After all that was happening, what happened next?

A. When [Appellant] took his shirt off, he took his mechanic shirt off and his sweatshirt, but he did put the mechanic shirt back on; and then he was working on the car doing whatever springs and stuff, and then we were sitting on the sidewalk and he was there where the cars would be naturally parked on the road; and he went to his truck to look for something, and when he came back to work on my car, he was completely exposed through his pants.

Q. When you say that he was completely exposed, what do you mean by that?

A. His penis was out.

Q. And his penis was out through his pants?

A. Yes.

Q. Was it part of his penis or his entire penis, if you remember?

A. No, it was completely exposed, yeah. (N.T. Trial p. 49)

A second Commonwealth witness, the motorist's friend, was called to testify and the following exchange occurred:

Q. What happened next?

A. [Appellant] went and took his sweatshirt off. He came back and started working, I guess on the battery. I don't really know car stuff, but the battery area. He was working on it; and then both Kristen and I were sitting on the sidewalk, and he turned around and his stuff was exposed.

Q. When you say his---I'm going to back up a minute. When all this is happening, about how far are you and Kristen from where he is?

A. From me to her probably.

Q. And you said that he turned toward you, and he had his stuff exposed. What do you mean when you said, stuff?

A. His private area, his penis and stuff.

Q. His penis was exposed?

A. Yes.

Q. Was his penis completely exposed or partially exposed or something else?

A. Completely. (N.T. Trial p. 70-71)

Accordingly, we do not hesitate to conclude that sufficient evidence was presented to demonstrate that [Appellant] committed the offense of Indecent Exposure. Indeed, the evidence of his guilt is overwhelming.

Likewise, we believe the same aforementioned evidence would adequately sustain the Commonwealth's burden for Count three (3) Open Lewdness and Count seven (7) Disorderly Conduct. The statute governing Open Lewdness, 18 Pa.C.S.A. § 5901, reads as follows: "A person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S.A. § 5901. Plainly, by exposing his genitals to two women in public [Appellant] committed an act sufficient to sustain his conviction on this charge. An individual is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he uses obscene language, or makes an obscene gesture. 18 Pa.[C.S.] § 5503 §§ (A)(3). We do not hesitate to agree that [Appellant's] conduct recklessly caused annoyance and alarm.

Trial Court Opinion, 10/25/18, at 4-7.

We agree with the trial court that the evidence presented was sufficient to prove that Appellant purposely exposed his genitals to the two women. The above cited testimony offered by the two women, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient for the jury to conclude beyond a reasonable doubt that Appellant, while rendering assistance to a motorist and her friend, exposed his genitals with the purpose of alarming the victims. Accordingly, the evidence is sufficient to prove that Appellant committed the crimes of indecent exposure, open lewdness, and disorderly conduct. Therefore, Appellant's contrary argument lacks merit.

Appellant next argues that the trial court erred in failing to dismiss a juror. **Anders** Brief at 6-7. Appellant contends that "despite objection from counsel, a jury member was permitted to serve as a juror despite

acknowledging that she knew a Commonwealth witness, Kristen Blight." *Id*. at 6. Essentially, Appellant posits that the juror should have been removed. Under these particular facts, we disagree.

Before addressing the merits of Appellant's claim, we must determine whether Appellant properly preserved the issue for our consideration. It is well settled in Pennsylvania that a party must make a timely and specific objection at trial in order to preserve an issue for appellate review. Pa.R.A.P. 302(a), *see also Commonwealth v. Montalvo*, 641 A.2d 1176, 1185 (Pa. Super. 1994) (citation omitted) ("In order to preserve an issue for review, a party must make a timely and specific objection at trial"). Pursuant to Pa.R.A.P. 302, issues that are not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Likewise, we have long held that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal." *Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000). Even issues of constitutional dimension cannot be raised for the first time on appeal. *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008). Thus, only claims properly presented in the trial court are preserved for appeal.

Our review of the record reflects that the following transpired when the assistant district attorney called Commonwealth witness Kristen Blight to testify:

[ASSISTANT DISTRICT ATTORNEY]: Thank you, Your Honor. The Commonwealth is going to call Kristen Blight. Your Honor, may we have a sidebar briefly?

(A discussion was held off the record at sidebar.)

THE COURT: Before we proceed, ladies and gentlemen of the jury, a person being called as a witness is indicating she thinks she might know one of you who are in the jury, and I know one of the questions you were asked during the jury questioning procedure is whether you know any of the potential witnesses, and I don't believe any of you had responded that you did, so I'm just going to ask again. Does any member of the jury know Ms. Blight?

UNIDENTIFIED JUROR: I don't personally know her, but we went to high school together. I've never spoken with her, though. The question was if we were friends. I've never spoken a word to her.

THE COURT: Would any of that to [sic] cause you to feel in any way it would impair your ability to sit on this case?

UNIDENTIFIED JUROR: No, not at all.

THE COURT: Counsel fine?

[DEFENSE COUNSEL]: That's fine.

THE COURT: Okay. Thank you.

N.T., 1/9/18, at 41-42.

Thus, the record indicates that, when faced with the opportunity to object, defense counsel declined to do so. Accordingly, Appellant's claim that the juror was improperly permitted to remain on the jury despite objection from counsel is belied by the record. Moreover, because Appellant failed to make a timely and specific objection at trial, the issue is not preserved for appellate review. Pa.R.A.P. 302(a).

Appellant last argues that the Commonwealth violated Pa.R.Crim.P. 600. *Anders* Brief at 7. Appellant asserts that the Commonwealth failed to call his case for trial within the required timeframe. *Id*.

In the instant matter, our review of the record reveals that at no time during the pendency of this case did Appellant's trial counsel file a motion to dismiss the charges pursuant to Rule 600. *See* Pa.R.Crim.P (600)(D)(1) (stating, "[w]hen a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated..."). Again, it is well settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, we agree with the trial court that Appellant has waived his Rule 600 claim. *See* Trial Court Opinion, 11/27/13, at 3 (stating that "[t]his issue was never raised before the trial court and this issue … is waived.").

Finally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1198-1199 (Pa. Super. 2018) (*en banc*). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2019