528 A.2d 681

Michael Haggerty and William Haggerty, Appellants *v*. Erie County Tax Claim Bureau and United Refining Co. of Pennsylvania, Appellees.

266 

Argued May 18, 1987, before Judges CRAIG and PAL-LADINO, and Senior Judge KALISH, sitting as a panel of three.

*James E. Marsh, Jr., Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellants.

*Ted G. Miller,* with him, *Robert C. LeSuer,* and *William J. Kelly, Elderkin, Martin, Kelly, Messina & Zamboldi,* for appellee.

OPINION BY JUDGE CRAIG, July 8, 1987:

Tax sale purchasers Michael Haggerty and William Haggerty appeal from an order of the Court of Common Pleas of Erie County directing the Erie County Tax Claim Bureau to take no further action relative to confirmation of a delinquent tax sale pertaining to the property of United Oil Manufacturing Company, pending further order of that court or the Bankruptcy Court of the Southern District of Texas, Houston Division. We affirm.

Landowner, now known as United Refining Company of Pennsylvania, is the record owner of a parcel of real property in Erie. The landowner had paid the real estate taxes for that property on a continuous basis until 1983. On July 6, 1985, the Erie County Tax Claim Bureau notified the landowner by certified mail of a pending tax sale for the unpaid 1983 Erie County taxes. On September 9, 1985, the bureau sold the property to William Haggerty and Michael Haggerty. On September 23, 1985, the bureau notified the landowner that it had sold the property at a tax sale.

On October 21, 1985, the landowner filed a notice of its bankruptcy petition with the Recorder of Deeds of Erie County. The tax sale purchasers had not recorded a deed for the property as of that date. Responding to that notice of the landowner's bankruptcy, the bureau petitioned the court of common pleas to void the tax sale.

Trial Judge ROGER M. FISCHER correctly determined that the issue for his consideration was:

The question before the Court is whether the filing of the copy of the Bankruptcy Petition with the Recorder of Deeds of Erie County on October 21, 1985, after the tax sale of September 9, 1985, but before the transfer or recording of any deed to the purchasers at the tax sale, subjected

the property to the automatic stay provisions of the Bankruptcy Code.

Those automatic stay provisions specifically address situations where the subject property does not lie within the county in which the landowner has filed a bankruptcy petition. Specifically, under 11 U.S.C. §549(c), the stay does not become effective:

As to a purchaser at a judicial sale, of real property located other than in the county in which the case is commenced, unless a copy of the petition was filed in the office where conveyances of real property in such county are recorded before such transfer was so far perfected that a bona fide purchaser of such property against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of such good faith or judicial sale purchaser.

Accordingly, Judge FISCHER determined that the automatic stay provisions of the Bankruptcy Code would not be applicable if the tax sale transfer was so far perfected on October 21, 1985 that it would have defeated a claim of a bona fide purchaser who would have recorded a deed on that date.

Judge FISCHER specifically held that "as to a bona fide purchaser any transfer arising out of a tax claim sale is not perfected until the deed arising out of that sale is recorded in the Office of the Recorder of Deeds of the County in which the subject property is located."

There is no dispute that Pennsylvania law must be applied in resolving the question of title perfection. Pennsylvania's recording law, 21 P.S. §351,[1] provides that all deeds or conveyances must be recorded, and that:

---

[1] Act of June 12, 1931, P.L. 558.

(e)very such deed, conveyance, contract or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser . . . without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance . . . under which such subsequent purchaser . . . shall claim.

The tax sale purchasers argue that Judge FISCHER's reliance on 21 P.S. §351 was in error, contending that the landowner could not qualify as a bona fide purchaser "without actual or constructive notice" under 21 P.S. §351 because the landowner necessarily had constructive notice, if not actual notice, of the tax sale proceedings.

However, the automatic stay provisions of the Bankruptcy Code require a judicial determination as to the respective rights of the judicial sale purchaser and a *hypothetical* bona fide purchaser, not a determination as to the respective rights of the judicial sale purchaser and the landowner. Note that 11 U.S.C. §549(c) sets up the interest of a judicial sale purchaser against that of "a" bona fide purchaser "against whom applicable law permits such transfer to be perfected. . . ." By definition, a bona fide purchaser is one who purchases for value *without* any notice of outstanding rights of others.

Under Pennsylania law, a transfer of real property is good as against a subsequent bona fide purchaser only after the deed has been recorded. *In Re: MacQuown*, 717 F.2d 859 (1983). Hence, because the tax sale purchasers had not recorded a deed to the property when the landowner filed its notice of bankruptcy, Judge FISCHER correctly determined that the tax sale purchasers' interest in that land was not "so far perfect-

ed that a bona fide purchaser . . . cannot acquire an interest that is superior to the interest of [the tax sale purchaser] . . . 11 U.S.C. §549(c)"

Accordingly, we must affirm Judge FISCHER's sound decision.

### ORDER

NOW, July 8, 1987, the order of the Court of Common Pleas of Erie County, at No. 3327-A-1985, dated December 20, 1985, is affirmed.

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

I agree with the contention of United Refining Co. that neither the trial court nor this court on appeal has jurisdiction concerning the sale of the subject property.

A bankruptcy case is an in rem proceeding, and upon the filing of a petition in bankruptcy the estate of the debtor is deemed to be in custodia legis. Pursuant to 28 U.S.C. §§1334(a) and 1334(d), the district court has original and exclusive jurisdiction of all cases under Title 11 (Bankruptcy) and the property of the estate of the debtor. The estate of the debtor is comprised of all legal or equitable interests of the debtor in property, *wherever located as of the commencement of the case*. 11 U.S.C. §541(a)(1). *The trustee in bankruptcy takes possession of the bankrupt estate*. A petition in bankruptcy operates as a stay. 11 U.S.C. §362(a).

In *United Northwest Federal Credit Union v. Arens*, 664 P.2d 811, 813 (1983), the court discussed the effect of section 362(a):

> The automatic stay of section 362(a) is in force from the moment the bankruptcy petition is filed. The fact a creditor has not received notice of the filing is irrelevant. Further, formal service is not required to effectuate the stay. . . . The import of section 362(a)(1) is that all le-

gal actions pending or to be taken against the debtor are halted. As such, no new lawsuit can be commenced. . . . The filing of appellee's foreclosure action on September 9, 1980, was thus in violation of the automatic stay. It is settled that acts done in violation of the stay are 'void and without effect' (citations omitted).

Thus, the subject premises continues to be in possession of the trustee, and subject to the exclusive jurisdiction of the district court supervising United's Chapter 11 case. The trial court was without jurisdiction to enter its order.

It is contended that 11 U.S.C. §549(c) limits the debtor's protection and gives the state court jurisdiction to void the sale. Section 549(c) provides that in post-petition transactions, the trustee may not avoid a transfer of property as to a purchaser at a judicial sale for property located other than in the county where the petition was filed, where the transfer was to a good faith purchaser without knowledge of the commencement of the case, and for present fair equivalent value, unless a copy of notice of the petition was filed before such transfer was perfected. The trial court held that it was the recording of the deed in Pennsylvania that operated as a stay of the proceedings, and that no further action be taken to confirm the sale.

Section 549 does not vitiate the exclusive jurisdiction of the district court. It is the trustee who *solely* has the avoiding power, and for the benefit of the estate which is in custodia legis, *i.e.*, the bankruptcy court as part of the debtor's estate. *A creditor (Bureau) who is not a trustee* is not entitled to relief under this section. *In re P&Z Island Farms, Inc.*, 478 F. Supp. 529 (S.D. N.Y. 1979); *In re Teal*, 35 Bankr. 360 (1984); *In re Lang*, 5 Bankr. 371 (1980). Acts done in violation of the stay are void and without effect.