**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael LOPATA, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1999.
Filed May 31, 2000.

---

Joseph M. Stanichak, Aliquippa, for appellant

Ahmed T. Aziz, Asst. Dist Atty., Aliquippa, for the Com., appellee.

Before DEL SOLE, FORD ELLIOTT, JJ. and CIRILLO, President Judge Emeritus.

DEL SOLE, J.:

¶ 1 Appellant Michael Lopata was convicted of disorderly conduct after a trial *de novo* before the Honorable James E. Rowley. Appellant was sentenced to pay a fine of $25.00 plus costs of $108.42. This direct appeal followed. We affirm.

¶ 2 On appeal, Appellant raises the following issues:

1. Whether the citation provided sufficient notice of those allegations for which Appellant should prepare a defense.

2. Whether there was sufficient evidence to sustain the conviction.

3. Whether the charges should be dismissed based on the district justice's failure to issue a written order imposing sentence.

4. Whether the charges should be dismissed because the citation was completed by a police officer based on information received from a person who was not a witness to the events and no investigation was done.

¶ 3 The charges arose out of an incident that occurred in the cafeteria at Hopewell Senior High School. Appellant was sitting at a table when another student grabbed his shirt. Appellant punched the other student in the arm. The teacher who was on cafeteria duty intervened and asked both students to step out into the hall with him. Appellant refused, swinging his arms around, knocking over a chair, and swearing loudly at the teacher. Other students in the cafeteria were seen to be backing away from the area near Appellant. On the way to the office, Appellant continued yelling as he went by rooms where other classes were in session.

¶ 4 Appellant was suspended for three days and charged by citation with disorderly conduct. At the trial before the district justice, Appellant was found guilty and sentenced to pay a $100 fine plus costs. Appellant appealed to the common pleas court, was tried *de novo,* convicted, and sentenced to pay a $25 fine plus costs.

¶ 5 Appellant first complains that the citation did not provide sufficient notice of the allegations and crimes for which he should prepare a defense. He claims the citation's factual summary refers only to a fight with another student and his conviction "was primarily based upon events that did not involve the other student and that occurred subsequent to that alleged fight." Appellant's Brief at 10. At trial, counsel challenged the admission of testimony pertaining to what occurred after Appellant left the cafeteria and was on his way to the office. N.T., 1/26/99, at 10–11. His claim then was that such testimony was not relevant to whether Appellant was in a "fight."[1]

¶ 6 The factual summary set forth in the citation is meant to "accurately describe the gravamen" of the offense rather than lay out a blow-by-blow description of events. *Commonwealth v. Frye*, 357 Pa.Super. 395, 516 A.2d 38, 43 (1986). The summary must be sufficient to advise the defendant of the nature of the offense charged, notifying him of the pending prosecution and affording him a chance to defend himself. *Commonwealth v. Zullinger*, 450 Pa.Super. 533, 676 A.2d 687 (1996). The description of the offense is adequate as long as it advises the defendant of the nature of the charge and does not cause surprise which is prejudicial. *Id.*

¶ 7 We cannot agree with Appellant that the information on the citation limited the Commonwealth's evidence in such a way. Appellant's conduct immediately after he punched the other student is all part of the same incident. Appellant does not, and cannot, claim he did not know the nature of the charge or that he was prejudiced in any way by the introduction of testimony

---

1. The citation stated "Student engaged in a fight with another student while in the cafeteria during lunch period."

regarding the **entire** incident. This claim is without merit.

¶ 8 Appellant next claims the evidence is insufficient to sustain the conviction. In reviewing a sufficiency of the evidence claim, the test we apply is whether the evidence, and all reasonable inferences taken from the evidence, viewed in the light most favorable to the Commonwealth as verdict-winner, were sufficient to establish all the elements of the offense beyond a reasonable doubt. *Commonwealth v. Williams*, 554 Pa. 1, 720 A.2d 679, 682 (1998) (citation omitted).

¶ 9 Appellant was charged under two sections of the disorderly conduct statute. These sections state:

(a) **Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

* * *

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa.C.S.A. § 5503(a).

¶ 10 Viewing the evidence in the light most favorable to the Commonwealth, we have no hesitancy in determining that there was ample evidence from which the court could find that Appellant engaged in fighting or threatening behavior and created a condition that was hazardous or physically offensive to the other students in the cafeteria. Appellant's argument is primarily based on his claim that the Commonwealth did not prove that a fight actually took place. As we have determined that evidence of **all** of Appellant's conduct was properly admitted, and that evidence is sufficient to support the conviction, we need not further discuss Appellant's claim that his conduct did not fit the dictionary definition of the word "fight."

¶ 11 Appellant next claims the charges should be dismissed because the district justice failed to issue a written sentencing order pursuant to Pa.R.Crim.P. 83. At sentencing, Appellant's counsel contended that the district justice did not impose any sentence and therefore the common pleas court could not impose any sentence without violating double jeopardy principles. N.T., 1/26/99, at 76. The court advised counsel that the transcript showed a sentence of costs plus a fine which was more than the $25.00 the court had just imposed. Counsel's argument at that time appeared to be focused on his allegation that the sentence was not announced in open court or, if it was, counsel did not hear it. *Id.* Ultimately counsel argued that the court was bound by double jeopardy principles to impose no sentence more severe than that imposed by the district justice and, since the district justice had not imposed a sentence, the common pleas judge could not impose any sentence either.[2]

¶ 12 On appeal, counsel argues, for the first time, that the charges should be dismissed because the district justice did not issue a written order imposing sentence as required by Pa.R.Crim.P. 83. Appellant cites no case law in support of this argument. In *Commonwealth v. Edwards*, 406 Pa.Super. 478, 594 A.2d 720 (1991), we held that a violation of Rule 83 does not require dismissal where there is a timely appeal to the Court of Common Pleas and the defendant is in no way prejudiced by the procedural misstep. Appellant has not been prejudiced in any way by any defect in sentencing at the district justice level since he filed a timely appeal

---

2. This is a misstatement of the law which has long been that double jeopardy principles are not violated by the court's imposition, after a trial *de novo*, of a greater sentence than the original sentence imposed by the district justice. *Commonwealth v. Beck*, 295 Pa.Super. 154, 441 A.2d 395 (1982).

and was tried and sentenced *de novo*. Dismissal is not warranted on this basis.

■■ ¶ 13 Finally, Appellant contends the charges should be dismissed because the citation was based on information received from a third party who was not a witness to the events and no investigation was done. Appellant raised this issue for the first time in his Concise Statement of Matters Complained of on Appeal. A claim which has not been raised before the trial court cannot be raised for the first time on appeal. *Commonwealth v. Gordon*, 364 Pa.Super. 521, 528 A.2d 631, *appeal denied*, 517 Pa. 621, 538 A.2d 875 (1987). There is no record from which we can determine who the officer received the information from or whether an independent investigation was made.[3] Had Appellant raised this claim in the trial court, such facts would be before us now. As they are not, we cannot reach the merits of this claim.

¶ 14 Judgment of sentence affirmed.

---

3. Appellant assumes the officer received the information from Assistant Principal Allison because his name is set forth in the "Remarks/Subpoena List" section of the citation. There is no evidence in the record to support this assumption.