J-S83020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KORY PAUL DURFEY | : | No. 689 WDA 2018 |

Appeal from the Order April 9, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001844-2017

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 30, 2019**

The Commonwealth appeals from the order of the trial court granting

the motion filed by Appellee, Kory Paul Durfey, in which he sought to suppress

the results of his blood test.   We affirm.

The trial court presented its findings of fact in this case as follows:

> The Commonwealth presented the testimony of one
> witness: City of Erie Police Officer Jason Weismiller.   The
> uncontroverted testimony of Officer Weismiller established the
> following:
>
> 1. On March 11, 2017, Officer Weismiller was dispatched at
> 11:10 a.m. to the 1220 block of East 38th Street, Erie,
> Pennsylvania, on the report of a two-vehicle motor vehicle
> accident involving injuries.  When the officer arrived at the scene
> approximately three minutes later, he observed two damaged
> vehicles in a westbound lane of East 38th Street: one vehicle was
> a Toyota and the other was a mini-van style Oldsmobile.  It was
> apparent the Oldsmobile crossed the center line and struck the
> Toyota.  Emergency medical personnel were administering aid to
> both drivers.  The officer determined the Oldsmobile was operated
> by [Appellee].  The officer did not speak with either driver at the

scene.  Officer Weismiller prepared the police "Crash Receipt" admitted in evidence as Commonwealth Ex. "A."

2.  Officer Weismiller testified he went through the glove box of [Appellee's] vehicle to obtain insurance and registration information.  At the scene, Sergeant "Bob" McDonald drew the officer's attention to the driver's seat of [Appellee's] vehicle, whereupon Officer Weismiller observed a syringe and a container with a white powdery substance in the driver's seat.  Sergeant McDonald retrieved these items and handed them over to Officer Weismiller.

3.  Having learned the operators of the vehicles were being transported to Hamot Medical Center, Officer Weismiller left the scene at approximately noon or shortly thereafter and went to Hamot to speak with the drivers.  At the hospital, Officer Weismiller went to [Appellee's] treatment bay, however, [Appellee] had already been removed for diagnostic testing.  While in [Appellee's] medical bay, the officer engaged in conversation with hospital staff.  The hospital staff asked the officer questions about the accident.  The officer provided information about [Appellee's] involvement in the accident.  During this conversation, Officer Weismiller obtained two (2) vials of [Appellee's] blood from a nurse after informing the staff he intended to pursue charges against [Appellee] due to the nature of the crash.  The record is devoid as to when the blood that was given to the police was drawn.

4.  The Court finds Officer Weismiller did not speak with [Appellee] at the hospital.  He did not talk with [Appellee] or read to him the O'Connell warnings[1] at the scene or at the hospital.  He did not obtain [Appellee's] consent to a blood draw.  [Appellee] did not have the opportunity to consent or refuse a blood draw. The officer did not obtain a search warrant for [Appellee's] blood. Officer Weismiller did not place [Appellee] under arrest at scene or at the hospital.  The record is devoid of evidence [Appellee] was unconscious at any time.

---

[1]  "*O'Connell* warnings are the standard advisement of the requirements of Pennsylvania's implied consent law and the consequences of refusal to submit to a requested chemical test." *Commonwealth v. Myers*, 164 A.3d 1162 n.3 (Pa. 2017) (citing *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873 (Pa. 1989)).

5. Officer Weismiller felt it was not necessary to obtain a search warrant for [Appellee's] blood. When asked by defense counsel if there was a reason why Officer Weismiller did not obtain a search warrant, the officer testified: "No reason – didn't feel it was immediately necessary at the time."

6. Officer Weismiller left [Appellee's] medical bay with the vials of [Appellee's] blood and went to the Erie Police station where the vials of blood were tagged in as evidence. The vials of blood were then sent to the state police lab for chemical analysis. The test results revealed the presence of ethyl alcohol and methamphetamines in [Appellee's] blood. The charges were based on the results of the blood testing performed by the state police. The officer was not informed of the results of any testing of [Appellee's] blood which may have been performed by the hospital.

Trial Court Opinion and Order, 4/9/18, at 3-5.

Appellee was charged with driving under the influence of a schedule I, II, or III controlled substance in his blood, aggravated assault by vehicle while driving under the influence, and accidents involving death or personal injury while not properly licensed.[2] On September 29, 2017, Appellee filed an omnibus pretrial motion seeking suppression of the results of the chemical testing of his blood. A hearing on the suppression motion was held on November 1, 2017. The parties subsequently filed written briefs. On April 9, 2018, the suppression court granted Appellee's suppression motion and filed findings of fact and conclusions of law. The Commonwealth filed this timely

_____

[2] 75 Pa.C.S. §§ 3802(d)(1), 3735.1(a), and 3742.1(a), respectively.

appeal and a contemporaneous Pa.R.A.P. 1925(b) statement.[3]  Thereafter, the suppression court complied with Pa.R.A.P. 1925(a).

The Commonwealth presents the following issue for our consideration:

> Whether the lower court erred as a matter of law or abused its discretion by finding that the Appellee's constitutional rights were violated through the testing of his blood for alcohol or controlled substances?

Commonwealth's Brief at 3.

The Commonwealth argues that the suppression court erred in granting the motion to suppress.  Commonwealth's Brief at 7-8.  The Commonwealth contends that Officer Weismiller was not required to obtain a search warrant to accept the vials of blood from the hospital personnel, which were drawn for independent medical purposes, because there was no government action

_____

[3] Under Pa.R.A.P. 311(d), in criminal cases the Commonwealth has a right to appeal interlocutory orders if the Commonwealth certifies that the orders will terminate or substantially handicap the prosecution.  **Commonwealth v. Flamer**, 53 A.3d 82, 86 n.2 (Pa. Super. 2012).  Specifically, Rule 311(d) provides as follows:

> In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d).  Here, the record reflects that the Commonwealth has certified that, pursuant to Pa.R.A.P. 311(d), the order prohibiting the introduction of evidence terminates or substantially handicaps the prosecution of the case.  Notice of Appeal, 5/9/18.  Therefore, pursuant to Pa.R.A.P. 311(d), this Court has jurisdiction to hear this appeal from the interlocutory order, even though the order did not terminate the prosecution.

amounting to a seizure. *Id*. at 7. The Commonwealth further asserts that the blood samples were properly tested pursuant to the implied consent statute. *Id*. at 7-8.

Before addressing the merits of the Commonwealth's issue, we must determine whether the issue is properly before us. The trial court has asserted that the issue raised in the Commonwealth's Pa.R.A.P. 1925(b) statement is waived as too vague for the trial court to address. We agree.

A concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the issues the appellant wishes to raise on appeal. *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (quoting *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006)). Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). *See also Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000) (stating that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal").

This Court has considered the question of what constitutes a sufficient Pa.R.A.P. 1925(b) statement on numerous occasions and has established that

"[an] appellant's concise statement must properly specify the error to be addressed on appeal." *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." *Id*. (brackets, internal quotation marks, and citation omitted).

The compulsory requirement of adhering to Pa.R.A.P. 1925 is captured in the following excerpt from *Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004):

> In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (Pa. 1999), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pennsylvania Rule of Appellate Procedure] 1925." *Lord*, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." *Id*. This Court explained in *Riley v. Foley*, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-[6]87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise[] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa. Super. 2002).

*Kanter*, 866 A.2d at 400.

Our law further makes clear that satisfaction of Pa.R.A.P. 1925 is not simply a matter of filing any statement. Rather, the statement must be concise and sufficiently specific and coherent as to allow the trial court to

- 6 -

understand the specific allegation of error and offer a rebuttal. These requirements are evident in the following language from **Dowling**:

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.
>
> . . . While **Lord** and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that **Lord** should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, [a]ppellant's Concise Statement was not specific enough for the trial court to identify and address the issue [a]ppellant wished to raise on appeal. As such, the court did not address it. Because [a]ppellant's vague Concise Statement has hampered appellate review, it is waived.

**Dowling**, 778 A.2d at 686-687 (citations and quotation marks omitted).

> Moreover, as we stated in **Reeves**:
>
> [t]here is a common sense obligation to give the trial court notice as to what the trial court should address in its Rule 1925(a) opinion. While there is a middle ground that [an appellant] must travel to avoid having a Rule 1925(b) statement so vague that the trial judge cannot ascertain what issues should be discussed in the Rule 1925(a) opinion or so verbose and lengthy that it frustrates the ability of the trial judge to hone in on the issues actually being presented to the appellate court, **see Kanter v. Epstein**, 866 A.2d 394 (Pa. Super. 2004), that is not an onerous burden to place on [an appellant]. It only requires using a little common sense.

**Reeves**, 907 A.2d at 2-3.

In essence, the purpose of requiring a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b) is to allow the trial court to easily discern the issues an appellant intends to pursue on appeal and to allow

the court to file an intelligent response to those issues in an opinion pursuant to Pa.R.A.P. 1925(a).  The Commonwealth's Pa.R.A.P. 1925(b) statement fails in this regard.

The trial court offered the following comments regarding the Commonwealth's Pa.R.A.P. 1925(b) statement, which compels our conclusion:

> [T]he appellate issue is waived as too vague for the [c]ourt to address.  The claim, as stated, does not comport with the requirements of Pa.R.A.P. 1925(b).  [The Commonwealth] must concisely identify each ruling or error with sufficient detail to identify all pertinent issues for the trial court to address.  *Pa.R.A.P. 1925(b)(4)(ii)*.
>
> *  *  *
>
> In this case, [the Commonwealth] fails to identify any ruling of law which allegedly was made in error, and fails to indicate how, when, or where the [c]ourt committed any abuse of discretion.  Numerous legal and factual issues were addressed in the [c]ourt's Findings of Fact and Conclusions of Law, yet [the Commonwealth] points to no legal or factual finding in support of the bald and sweeping appellate claim.  This [c]ourt is simply unable to address the issue as presented in the concise statement.  Hence, the appellate claim is waived as too vague for the court to address.

Trial Court Opinion, 7/17/18, at 2.  We are constrained to agree with the trial court's determination.

Our review of the certified record reflects that the Commonwealth's Pa.R.A.P. 1925(b) statement is nonspecific to the point that it fails to present thoughtfully any legal issues.  Specifically, the Commonwealth has offered the following: "1. The Court erred as a matter of law and/or abused its discretion by granting [Appellee's] Omnibus Pre-Trial Motion."  Pa.R.A.P. 1925(b) Statement, 5/9/18, at 1.  Due to the vague language in the Commonwealth's

- 8 -

Pa.R.A.P. 1925(b) statement, the trial court was compelled to guess at the legal issues that the Commonwealth sought to preserve and raise on appeal, which the trial court declined to do.

The ultimate result of the Commonwealth's nebulous presentation is that any issue the Commonwealth wished to raise in this appeal is lost in the midst of its ambiguous Pa.R.A.P. 1925(b) statement. However, even if the trial court correctly guessed the issues the Commonwealth wanted to raise, and wrote its opinion pursuant to that supposition, the issues are waived. *Kanter*, 866 A.2d at 400. Given the foregoing, we conclude that the Commonwealth's challenge to the trial court's order granting Appellee's motion to suppress is waived. Therefore, we affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/2019