J-S12023-20
J-S12024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: THE FIRM PROTECTION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1262 EDA 2018 |

Appeal from the Order Dated April 3, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0000249-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA H. NOLLIE | : | No. 1279 EDA 2018 |
| | : | |
| Appellee | : | |

Appeal from the Order April 3, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0000248-2018

BEFORE: SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY SHOGAN, J.:       **FILED MAY 15, 2020**

The learned Majority thoroughly analyzes the merits of the issue

presented in this matter. However, upon review of the relevant law and

---

[*] Retired Senior Judge assigned to the Superior Court.

certified record, I am compelled to register my dissent because the issue addressed in the Majority's memorandum has not been preserved for our review.

It is well settled in Pennsylvania that a party must make a timely and specific objection at trial in order to preserve an issue for appellate review. Pa.R.A.P. 302(a), *see also Commonwealth v. Montalvo*, 641 A.2d 1176, 1185 (Pa. Super. 1994) ("In order to preserve an issue for review, a party must make a timely and specific objection at trial."). Pursuant to Pa.R.A.P. 302, issues that are not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Likewise, we have long held that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal." *Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000). In addition, "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief." *Commonwealth v. Gordon*, 528 A.2d 631, 638 (Pa. Super. 1987). Thus, only claims properly presented in the trial court are preserved for appeal.

Here, the Commonwealth has presented the following issue for this Court's review:

Did the lower court improperly grant [Appellee's] petition[s] for a private detective's license, where he was not qualified for such a license because he did not demonstrate that he had sufficient experience required under the statute?

- 2 -

Commonwealth's Brief at 4. In addressing this claim, the Majority concludes that "[Appellee] did not comply with the formal requirement of the Act to attach to his application 'at least two duly acknowledged certifications' that he 'has been regularly employed as a detective . . . for a period of not less than three years.'" Majority Memorandum at 9. In addition, the Majority agrees "with the Commonwealth's assertion that [Appellee's] former employment as a security supervisor, as outlined in the letter submitted by his former employer, did not demonstrate that [Appellee] had the requisite investigatory experience outlined in [22 P.S. § 12(b)]." *Id*.

However, my review of the certified record reflects that the Commonwealth waived this issue. At the hearing held on March 19, 2018, the Commonwealth initially objected to the failure to establish the requisite three years of experience.

Specifically, the Commonwealth objected as follows:

So, then, Judge, my objection based on the fact that per the statute you need basically three years minimum of investigatory experience. I don't know enough about that. **So, I will concede that -- I will give enough for one-and-a-half years**. That's – we're still one-and-a-half years removed from what the statutory minimum is. It -- the statute's clear.

Just -- it has to be three years of investigatory experience. It doesn't really quite say what "detective" is, but we go to the definition section of the Private Detective Act. It talks about what business being a private detective is. And it goes into detail.

There's a list of things. But chief -- big among them are, what would you expect a detective to do? What an investigator would do: tracking people down; looking for things; judging

> credibility. Things like that. So, the one-and-a-half years, I'm not going to say that wouldn't count, but it's still not a full three.

N.T., 3/19/18, at 6-7 (emphasis added). Appellee then referenced his resume and indicated an additional two and one-half years of experience with an additional employer. *Id*. at 7. The Commonwealth then stated:

> Judge, I mean, if that's the case, **I'm not here to dispute what he's saying**.

> \* \* \*

> If he's willing to go back to those -- the earlier employment and bring something from that firm saying he -- these were what his duties were; that he went and investigated on this or that, I don't think we would be having the objection that we do today. It's just based on what we have before us. We have no way of verif -- verifying that information.

N.T., 3/19/18, at 8 (emphasis added). Appellee then indicated to the trial court that he could get verification in writing from his former employer. *Id*. at 11. When Appellee asked if the verification could be in the form of an email, the trial court consented. *Id*. The Commonwealth also agreed and stated: "Just something in writing." *Id*. at 11-12. The Commonwealth and trial court then agreed to a continuance in order to allow the Commonwealth to investigate and verify the information that was to be forthcoming. *Id*. at 12-13. The trial court then summarized as follows:

> So, we'll give it – we'll give it a two-week date. We'll continue it for two weeks. And it has to go the DA. And they need to -- their detectives need to verify it. And if we can verify it, then I can grant the license.

> \* \* \*

Okay? So, we're going to give you two weeks for them to investigate. But you should get it to them as soon as possible, so they have the full two weeks to do what they need to do.

*Id*. at 13. The trial court set a hearing date of April 3, 2018, and stated:

You're going to give it to the DA ASAP, so they can do their investigation.

\* \* \*

So, when we come back, hopefully, they'll -- objection will be removed, and I can grant that license.

*Id*. at 14.

The record further reflects that the hearing was reconvened on April 3, 2018, as scheduled. The following transpired at the outset of the hearing:

[Assistant District Attorney]: Your Honor, I'm just going to hand up to you what the Commonwealth has received –

THE COURT: Okay. Let me take a look.

[Assistant District Attorney]: -- for you to read through. **I think this was just the -- the issue with the license**.

THE COURT: Yes. We needed a letter.

- - -

(Brief pause.)

- - -

THE COURT: All right. Do you have argument? Or -- I mean, I've read the letter. Do you have any argument, or do you just –

[Assistant District Attorney]: I think it was just –

THE COURT: Okay.

[Assistant District Attorney]: -- you know. We –

>THE COURT: All right. I have reviewed the letter. I'm just trying to get through the -- I reviewed the letter for [Appellee] as related to the private investigator license for both him and his firm. And I am going to grant the licenses. Okay?

N.T., 4/3/18, at 4. After the trial court granted both licenses, the assistant district attorney simply asked for a copy of the letter for the file. *Id*. at 5. Indeed, as the Majority states, "the Commonwealth offered no further objection." Majority Memorandum at 3.

Thus, when faced with the opportunity to set forth a challenge concerning whether Appellee met the requirements to receive the license under the Act, the Commonwealth failed to present the issue to the trial court. Rather, at the first hearing the Commonwealth conceded that Appellee's documentation satisfied one and one-half years of the three-year statutory requirement. At the second hearing, the Commonwealth presented the trial court with Appellee's additional documentation and acquiesced to its propriety. As a result, the trial court granted the petitions filed by Appellee. Accordingly, the Commonwealth's failure to make a timely and specific objection at the hearings results in failure to preserve the issue for our appellate review. Pa.R.A.P. 302(a); *Lopata*, 754 A.2d at 689.

*In re Sentry Secur, Inc.*, 417 A.2d 190 (Pa. 1980), illustrates an appropriate option for the Commonwealth to challenge the issuance of a private detective license where the issue was not preserved for appellate review in the original proceeding. In *In re Sentry*, the appellee applied to the trial court for a detective license under the Act. *Id*. at 191. The District

Attorney did not object to the application, and the trial court granted the license. *Id*. The Commonwealth did not take an appeal. Four months later the District Attorney filed with the trial court a petition for revocation of the license. *Id*. In the petition before the trial court, the District Attorney alleged that the license was improperly granted because the appellee did not meet the statutory requirements prescribed in the Act. *Id*. The trial court revoked the license and, on appeal, this Court reversed. *Id*. Thereafter, the Pennsylvania Supreme Court affirmed this Court's decision. *Id*. at 194. Thus, the District Attorney, after failing to raise with the trial court a challenge to the propriety of the application, subsequently presented the issue to the trial court, albeit in a petition seeking revocation of the license.

For these reasons, I conclude that the issue is waived.