**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAUDIA KYRON GORDON | : | |
| | : | |
| Appellant | : | No. 660 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 14, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000039-2020

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.: **FILED: DECEMBER 8, 2021**

Appellant, Saudia Kyron Gordon, appeals from the May 14, 2021 Judgment of Sentence entered in the Schuylkill County Court of Common Pleas following her conviction after a bench trial of two counts of Driving Under the Influence of a Controlled Substance.[1] Appellant challenges the admission of certain expert testimony. After careful review, we affirm.

The facts and procedural history are, briefly, as follows. On September 16, 2019, Trooper Nicholas Reese arrested Appellant for, *inter alia*, driving under the influence of a controlled substance. Appellant consented to

---

[1] 75 Pa.C.S. §§ 3802(d)(1)(i) and 3802(d)(2). The court also convicted Appellant of the summary offenses of one count each of Failure to Use Turning Signals, Driving an Unregistered Vehicle, Driving a Vehicle Without Certificate of Inspection, and Displaying a License Plate Registered to Another Vehicle. 75 Pa.C.S. §§ 3334(a), 1301(a), 4703(a), and 1372(3), respectively.

providing the Commonwealth with a blood sample, and phlebotomist Betsy MacBride drew the sample, which confirmed Appellant's intoxication.

Appellant proceeded to a non-jury trial at which Trooper Reese, Ms. MacBride, and Michael Lamb, a forensic toxicologist employed by NMS Laboratory (the "Lab"),[2] testified.

Relevant to the instant appeal, the Commonwealth offered, and the trial court accepted, Mr. Lamb as an expert witness, without objection by Appellant's counsel.  Mr. Lamb testified regarding the chain of custody of a blood sample received at the Lab and the process by which a Lab employee tests and analyzes the sample.  N.T., 3/22/21, at 36-41.  When Mr. Lamb began to explain the results of the test of Appellant's blood, Appellant's counsel objected because he was not "sure that a proper foundation has been laid that this individual is the one who actually performed the test."  *Id.* at 41.  The court overruled the objection and Mr. Lamb proceeded to testify, *inter alia*, that the results of the blood test indicated that Appellant was intoxicated at the time she was driving.  *Id.* at 41-46.

On cross-examination, in response to Appellant's counsel's inquiry, Mr. Lamb explained that, although he does have experience working as an analyst in a laboratory, he did not perform the toxicology test of Appellant's blood because now, as a toxicologist, he is not involved in the physical testing process.  *Id.* at 49.  He explained that his responsibility is more supervisory

---

[2] NMS Laboratory is the laboratory that performed the toxicology test of Appellant's blood.

and involves "review[ing] the entirety of the case from start to end and com[ing] to my own independent conclusions regarding the accuracy of the data and issue a report[.]" *Id.* Mr. Lamb confirmed that he "review[ed] all of the quality controls associated with the analysis [of Appellant's blood][]" and "ensure[d] that all standard operating procedures [were] followed in order to report the analytical findings that are in included on this report." *Id.* at 50.

At the close of evidence, Appellant objected to the admission of the Commonwealth's "Exhibit-4"—the toxicology report authored by Mr. Lamb— on hearsay grounds because "Mr. Lamb, who testified[,] is not the individual who performed the tests that generated [the report's] findings. . . . "[T]hat person should be here to testify." *Id.* at 51. The court overruled the objection and admitted "Exhibit-4" as evidence.

The trial court then convicted Appellant of the above charges. On May 14, 2021, the trial court sentenced Appellant to a term of 72 hours' to 6 months' incarceration. Appellant did not file a post-sentence motion.

This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the trial court commit reversible error by admitting the testimony of the Commonwealth's expert witness which merely recited the test results generated by another technician over the hearsay objection of defense counsel?

Appellant's Brief at 4.

Appellant asserts that the trial court erred in overruling her hearsay objection to Mr. Lamb's expert testimony.[3] *Id.* at 8.

Before we reach the merits of this claim, we must determine whether Appellant has preserved it.

It is well settled in Pennsylvania that a party must make a timely and specific objection at trial to preserve an issue for appellate review. Pa.R.A.P. 302(a); *see also Commonwealth v. Montalvo*, 641 A.2d 1176, 1185 (Pa. Super. 1994) ("In order to preserve an issue for review, a party must make a timely and specific objection at trial."). Pursuant to Pa.R.A.P. 302, issues that are not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Likewise, we have long held that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal." *Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000).

Our review of the Notes of Testimony indicates that, although Appellant objected to the admission of the Commonwealth's "Exhibit-4" on hearsay grounds, *see* N.T. at 51, she did not lodge an objection to Mr. Lamb's

_____

[3] Appellant further claims that the court erred in relying on *Commonwealth v. Yohe*, 79 A.3d 520 (Pa. 2013). In *Yohe*, the Supreme Court concluded that the trial court did not violate the Confrontation Clause by admitting the testimony of a forensic toxicologist who did not perform a blood test but only reviewed the analytical testing and wrote the report setting forth the results of the test. Appellant claims that holding in *Yohe* is inapplicable here because the Court did not consider there whether the witness's testimony was hearsay, which is the issue here. Appellant's Brief at 9-10. In light of our disposition, we need not consider this claim.

testimony on the same basis. Rather, as described above, her objection to Mr. Lamb's testimony was based on her counsel's belief that the Commonwealth had not laid a proper foundation for it. N.T. at 41. Our conclusion is further supported by Appellant's own brief where, in support of her assertion of trial court error in overruling her hearsay objection, she cites the portion of the Notes of Testimony where her counsel objected to the admission of "Exhibit-4" on hearsay grounds.[4] Appellant's Brief at 7-8 (citing N.T. at 51).

Accordingly, we conclude that Appellant's failure to make a timely and specific objection at trial to Mr. Lamb's testimony has resulted in her failure to preserve the issue for appellate review.

Judgment of Sentence affirmed.

Judge McLaughlin joins the memorandum.

Judge McCaffery concurs in results.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/08/2021

---

[4] Appellant has not challenged on appeal the trial court's admission, over her objection, of "Exhibit-4."