J-S44036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY SCOTT MILLER | : | |
| | : | |
| Appellant | : | No. 548 MDA 2022 |

Appeal from the Judgment of Sentence Entered March 30, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000271-2021

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JANUARY 25, 2023**

Jeffrey Scott Miller (Miller) appeals from the judgment of sentence imposed in the Court of Common Pleas of Schuylkill County (trial court) pursuant to his jury conviction of Possession of a Controlled Substance, 35 P.S. 780-113(a)(16).  He argues that appointed counsel was ineffective[1] for failing to file a pre-trial motion to dismiss based on a clerical error in the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Generally, a claim of ineffective assistance of counsel is reserved for collateral review.  However, limited circumstances allow for direct review, including a defendant's inability to obtain post-conviction review.  ***See Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018).  Here, Miller's maximum incarceration date would have been September 8, 2022, rendering him ineligible to pursue collateral relief.  42 Pa.C.S. § 9543(a)(1)(i) (To be eligible for post-conviction relief, defendant must currently be serving a sentence).  Under these circumstances, the court properly considered his ineffective assistance claim.

affidavit of probable cause supporting the police criminal complaint, and that the trial court erred in limiting his cross-examination of the arresting officer and in appointing withdrawn counsel as a standby attorney after Miller elected to proceed *pro se*. We affirm.

We take the following pertinent background facts and procedural history from the trial court's July 7, 2022 opinion and our independent review of the record.

**I.**

On November 3, 2020, Pennsylvania State Police Trooper Andrew Hubiak conducted a traffic stop of a Dodge Durango at approximately 5:30 P.M. in Pottsville, Pennsylvania, after observing the vehicle cross the dotted white line three times. When the trooper approached the stopped vehicle, he noticed that the passenger, Miller, and the driver, Matthew Scot Smithey, were not wearing their seatbelts. Information in the NCIC/Clean Records database revealed that Miller had an active arrest warrant in Montour County for failure to appear. The officer asked Miller to exit the vehicle because he was being detained for the outstanding warrant. Miller was handcuffed and before Trooper Hubiak placed him in his police vehicle, he conducted a search of Miller's person and discovered a glassine baggie containing suspected methamphetamine in his left pants pocket. Miller stated he forgot it was in there. Because Montour County advised that it did not want Miller at that time, he was released and advised he would be receiving charges in the mail

for drug possession. On November 10, 2022, Miller was charged with possession of a controlled substance.

The police criminal complaint identified Miller by name, address, telephone number, race, ethnicity, eye and hair color, weight and height. The affidavit of probable cause supporting the police criminal complaint contained the above facts and identified Miller eight times as the individual involved in the stop, with an outstanding warrant and methamphetamine in his pocket. However, the end of the affidavit of probable cause contained the statement, "Based on the facts contained herein I respectfully request that defendant, Taylor Marie WILLARD, be asked to answer to these charges." (Affidavit of Probable Cause, 11/10/20, at 1); (*see* Police Criminal Complaint, 11/10/20, at 1).

Miller failed to appear for his January 18, 2021 preliminary hearing and the charges were bound over for court in his absence. A bench warrant was issued and after he was apprehended, an arraignment was held on March 31, 2021. On April 26, 2021, Miller requested the assistance of counsel and the trial court appointed Assistant Public Defender Andrea Lynne Thompson, Esquire to represent him. In June 2021, Miller sent letters to the trial court requesting that Attorney Thompson withdraw for allegedly not communicating with him despite his attempts to reach her and his request that she file a motion for modification of bail. (***See*** *Pro Se* Correspondence, 6/11/21, at 2) (pagination provided); (*Pro Se* Correspondence, 6/29/21, at 1).

On July 1, 2021, the court conducted a hearing on counsel's petition to withdraw as counsel.[2] The court thoroughly advised Miller that he had an absolute right to fire his lawyer and represent himself, but that the court would appoint a public defender as standby counsel in case Miller needed to ask the lawyer any questions. The court explained it was doing this because Miller would be representing himself at his peril since he did not know the rules of evidence or procedure or how to address a jury, risking possibly incriminating himself. When the court asked Miller if he still wanted to represent himself despite knowing the impact of his choice, Miller confirmed that he wanted to waive his right to counsel and represent himself. The court granted his request[3] and appointed Attorney Thompson as standby counsel in this matter so she could answer any questions. (*See* N.T., 7/01/21, at 1-5).

---

[2] Miller's letters and the July 1, 2021 hearing also involved Assistant Public Defender Ashley Yagielniskie, Esquire, who had been appointed to represent him in cases 1810-2020 and 316-2021. At the July 1, 2021 hearing, the court appointed her to act as standby counsel in those cases because Miller elected to represent himself in that litigation as well. Those cases are not the subject of this appeal.

[3] It is well-settled that:

> A criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings. The right to appear *pro se* is guaranteed as long as the defendant understands the nature of his choice. ... Where a defendant knowingly, voluntarily, and intelligently seeks to waive his right to counsel, the trial court … must allow the individual to proceed *pro se*.

*(Footnote Continued Next Page)*

On February 1, 2022, the court held a jury trial in this matter.[4] Prior to the start of trial, Miller made an oral motion to dismiss based on the clerical error in the last sentence of the affidavit of probable cause that identified the defendant as "Taylor Marie WILLARD," despite naming Miller throughout the affidavit of probable cause and the police criminal complaint.[5] (**See** Trial Court Opinion, 7/05/22, at 2). The trial court denied the motion on the merits and because it was untimely where it should have been raised in a pre-trial motion.

The trial court explains further that:

_____

**Commonwealth v. El**, 977 A.2d 1158, 1162-63 (Pa. 2009) (citations and footnote omitted).

[4] Miller failed to provide a copy of the trial transcript to this Court in violation of Rule 1911(a). The record reveals that although he requested that the trial be transcribed, the trial court denied the request without prejudice for him to file the appropriate AOPC form for the request. (**See** Order, 5/06/22). Despite the appointment of appellate counsel, no request was made. Therefore, to the extent Miller's challenge requires a review of the trial transcript, it is waived. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) ("When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review."). However, to the extent we can glean the pertinent trial facts from the trial court opinion, we rely on them and address the arguments' merits for the sake of judicial economy.

[5] It appears from the docket that Miller filed the motion to dismiss on July 30, 2021. However, a different judge handled the motion than the one who granted Attorney Thompson's motion to withdraw. On August 9, 2021, the motions court issued an order stating Miller was represented by Attorney Thompson treating the motion pursuant to Rule 526. (**See** Order, 8/09/21). No action was taken on the filed motion.

During [Miller]'s cross examination of the arresting officer, Trooper Andrew Hubiak, the Commonwealth objected to [Miller]'s attempt to question Trooper Hubiak concerning the error in the Affidavit of Probable Cause. The Commonwealth's objection was based in relevance and in reliance on this court's prior ruling denying [Miller]'s verbal motion to dismiss. [Miller] did not respond to the Commonwealth's objection and the objection was sustained. … Trooper Hubiak did testify that Taylor Willard was not present at the traffic stop. In addition, Trooper Hubiak testified that [Miller], when questioned at the traffic stop, admitted that the found methamphetamine was indeed his. …

(**Id.** at 4) (unnecessary capitalization omitted).

The jury convicted Miller of the single charge of possession of a controlled substance. Miller waived his right to a pre-sentence investigation and sentencing was scheduled for February 15, 2022. However, Miller failed to appear and a bench warrant for his arrest was issued. On March 30, 2022, after Miller was apprehended, the trial court sentenced him to a term of not less than six nor more than twelve months' imprisonment. Miller filed a timely notice of appeal, and the trial court appointed appellate counsel at Miller's request. He timely filed a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).

Miller argues that Attorney Thompson was ineffective for failing to file a pre-trial motion to dismiss based on the error contained in the affidavit of probable cause, and that the trial court erred in limiting his cross-examination of Trooper Hubiak and in appointing Attorney Thompson as stand-by counsel after she withdrew at Miller's request. (**See** Miller's Brief, at 3).

## II.

## A.

Miller claims that counsel was ineffective for failing to file a pretrial motion to dismiss where the affidavit of probable cause attached to the police criminal complaint misidentifies the name of the defendant in the last sentence. He maintains that he directed counsel to file a motion to dismiss "[f]rom the onset of this case[.]" (Miller's Brief, at 9).[6]

The standard for ineffective assistance of counsel claims is the same in both the PCRA context and on direct review. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015). Counsel is presumed effective and a petitioner bears the burden to prove otherwise. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. Super. 2014). To establish an ineffectiveness claim, a defendant must prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

---

[6] There is no evidence that Miller asked Attorney Thompson to file a motion to dismiss. In his correspondence seeking her withdrawal, he alleged that he asked her to file a motion concerning bail and questioned a possible plea agreement. (*See* Correspondence, 6/11/21, at 1-2); (*See* Correspondence, 6/29/21, at 1). In the *pro se* motion to dismiss filed on July 30, 2021, he avers that it was not until Attorney Thompson withdrew and he received discovery that he realized that there was a misstatement in the affidavit of probable cause. (*See* Motion to Dismiss, 7/30/21, at ¶¶ 6-10).

*Id.* (citation omitted).

"Failure to prove any prong of this test will defeat an ineffectiveness claim. When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Id.* (citations and internal quotation marks omitted).[7] Finally, counsel will not be found ineffective for failing to raise a meritless claim. *See id.*

We note first that, "[u]pon the district justice's finding at the preliminary hearing that a *prima facie* case had been established, any issue concerning a defect in the affidavit became moot." *Commonwealth v. Chamberlain*, 30 A.3d 381, 423 (Pa. 2011), *cert. denied*, 566 U.S. 986 (2012). Therefore, a pre-trial motion to dismiss based on the affidavit of probable cause would have lacked merit, and counsel cannot be found ineffective for failing to raise the issue. *See Fears*, 86 A.3d at 804.

Additionally, our review of the police criminal complaint confirms that it identifies Miller by name, address, telephone number, race, ethnicity, eye and

---

[7] Although Miller sets forth the three ineffective assistance of counsel prongs, he utterly fails to meaningfully discuss any of them. Instead, he alleges that he told Attorney Thompson to file a motion to dismiss based on the error in the affidavit of probable cause and then repeats the procedural history of the case. (*See* Miller's Brief, at 9-12). Further, as stated previously, he provides no proof that he asked Attorney Thompson to file a motion to dismiss. Therefore, his ineffective assistance of counsel claim is waived. *See Fears*, 86 A.3d at 804. Moreover, as explained above, it would not merit relief.

hair color, weight and height. (***See*** Police Criminal Complaint, 11/10/20). The affidavit of probable cause attached to the police criminal complaint names Miller eight times as the passenger in the subject vehicle who had an active arrest warrant, was asked to step out of the vehicle and who admitted that he forgot that the methamphetamine recovered from his person was there. (***See*** Affidavit of Probable Cause, 11/10/20). A common-sense reading of the affidavit of probable cause and police criminal complaint is that Miller was the individual being charged. ***See Commonwealth v. Leed***, 186 A.3d 405, 415 (Pa. 2018) (probable cause affidavits must be read with a common-sense approach). Therefore, even if not moot, a motion to dismiss on the basis that the affidavit of probable cause was insufficient to support the police criminal complaint because of this error would have lacked merit.

As a result, because a motion to dismiss based on the affidavit of probable cause would have lacked merit, Miller was not prejudiced by counsel's reasonable decision not to file one. Because he has failed to plead and prove any prong of the ineffectiveness test, Miller's first claim fails. ***See Fears***, 86 A.3d at 804.

**B.**

Next, Miller argues that the trial court erred when it sustained the Commonwealth's objection to his cross-examination of Trooper Hubiak about the misstatement in the affidavit of probable cause.[8]

"The scope of cross-examination is a matter within the discretion of the trial court and will not be reversed absent an abuse of that discretion." ***Commonwealth v. Leaner***, 202 A.3d 749, 781 (Pa. Super. 2019), *appeal denied*, 216 A.3d 226 (Pa. 2019) (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality as shown by the evidence of record." ***Commonwealth v. Santos***, 176 A.3d 877, 882 (Pa.

---

[8] In addition to waiving this issue by failing to provide a trial transcript, Miller also waived this argument on the basis that according to the trial court, he did not respond to the Commonwealth's objection to the cross-examination or object to the court's ruling sustaining it. ***See*** Pa.R.A.P. 302(a) ("[I]ssues that are not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Montalvo***, 641 A.2d 1176, 1185 (Pa. Super. 1994) ("In order to preserve an issue for review, a party must make a timely and specific objection at trial."). Likewise, we have long held that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal." ***Commonwealth v. Lopata***, 754 A.2d 685, 689 (Pa. Super. 2000). While we recognize that Miller chose to proceed *pro se* at trial, this did not confer him with special status. As was thoroughly explained to him when he sought to fire his counsel and represent himself, "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

Super. 2017), *appeal denied*, 189 A.3d 986 (Pa. 2018) (citation omitted).

"When a trial court determines the scope of cross-examination, it may consider whether the matter is collateral, the cross-examination would be likely to confuse or mislead the jury, and the cross-examination would waste time." *Leaner*, 202 A.3d at 781 (citation omitted).

We discern no abuse of discretion and agree with the trial court that permitting Miller to cross-examine Trooper Hubiak about a scrivener's error in the affidavit of probable cause would have wasted time and it is unreasonable to believe that it would have affected the jury's verdict. (*See* Trial Ct. Op., at 4). As explained previously, the affidavit of probable cause and police criminal complaint clearly identified Miller as the defendant in this matter, and that Trooper Hubiak found the illegal drugs that Miller "forgot" were there in his pocket. According to the trial court, Trooper Hubiak testified that the individual accidentally included in the affidavit of probable cause was not even at the scene. Hence, we conclude that the court's decision to preclude Miller's cross-examination of Trooper Hubiak about the scrivener's error was not an abuse of its discretion. *See Santos*, 176 A.3d at 882; *Leaner*, 202 A.3d at 781. Miller is due no relief on this issue.[9]

---

[9] The trial court notes that because Trooper Hubiak authored the affidavit of probable cause and the police criminal complaint, Miller could have been able to cross-examine him about it. (*See* Trial Ct. Op., at 4); U.S. Const. Amend. 6. However, we agree with the court that this was harmless error where the clerical error was not relevant to trial, the weight of the evidence

*(Footnote Continued Next Page)*

## C.

In his final, one paragraph argument, Miller contends that the trial court erred in appointing Attorney Thompson as stand-by trial counsel because she had been granted leave to withdraw at Miller's urging because he did not like her level of communication and wanted to represent himself.[10]  (*See* Miller's Brief, at 12-13).

> When a defendant elects to proceed at trial *pro se,* the defendant—and not standby counsel—is in fact counsel of record and is responsible for trying the case.  This understanding of the limited role of standby counsel is essential to satisfy the United States Supreme Court's directive that a defendant's choice to proceed *pro se* must be honored out of that respect for the individual which is the lifeblood of the law even when the defendant acts to his or her own detriment.

---

"overwhelmingly pointed" to Miller's guilt, and it is unreasonable "to believe that hearing about the clerical error would have affected [the jury's] determination on credibility and guilt."  (Trial Ct. Op., at 4); *see* ***Commonwealth v. Atkinson***, 987 A.2d 743, 752 (Pa. Super. 2009), 8 A.3d 340 (Pa. 2010) ("Harmless error exists where … the error did not prejudice the defendant or the prejudice was *de minimis* … or … the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.") (citation omitted).  Therefore, even if the court erred in precluding the cross-examination, it was harmless error.

[10] Miller waived this claim.  His counseled brief fails to provide any legal citation, discussion thereof or references to the record in support of this issue.  *See* Pa.R.A.P. 2101, 2119(a)-(c).  Further, a review of the notes of testimony reveals that Miller did not object when the court appointed Attorney Thompson as standby counsel.  As stated in the previous issue, in order to preserve an issue for our review, Miller was required to raise it in the trial court, which he failed to do.  *See* Pa.R.A.P. 302(a).

***Commonwealth v. Williams***, 196 A.3d 1021, 1029 (Pa. 2018) (internal citation and quotation marks omitted). "When the defendant's waiver of counsel is accepted, standby counsel may be appointed for the defendant. Standby counsel shall attend the proceedings and shall be available to the defendant for consultation and advice." Pa.R.Crim.P. 121(D).

Miller provides no citation to authority that supports his proposition that counsel permitted to withdraw because a defendant elects to proceed *pro se* cannot be appointed as standby counsel. To the contrary, there is no such limiting language in the Rule, and our research reveals that a court can appoint a defendant's prior counsel. ***See***, ***eg.***, ***Commonwealth v. Blakeney***, 108 A.3d 739, 762 (Pa. 2014), *cert. denied*, 576 U.S. 1009 (2015) (noting that "trial court [] properly appointed Appellant's former attorneys (former guilt-phase and penalty-phase counsel) as standby counsel … for the sole purpose of being available to Appellant for consultation and advice pursuant to Pa.R.Crim.P. 121(D).").

Here, the court was not mandated to provide stand-by counsel to Miller but explained on the record that it did so out of concern for Miller's limited knowledge of the law and courtroom procedure. The trial court notes that Miller's only complaint about Attorney Thompson had been that she did not communicate to his satisfaction. However, consistent with Rule 121(D), she attended the trial and was available for consultation and advice. All decisions

made regarding litigation were Miller's alone.  We discern no error and this issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2023