J-S27015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHALIL WALKER | : | |
| | : | |
| Appellant | : | No. 3103 EDA 2019 |

Appeal from the PCRA Order Entered September 27, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002774-2015

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 09, 2020**

Appellant, Khalil Walker, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court set forth the underlying facts of this matter as follows:

> On September 30, 2013, at approximately 3:47 am., police officers responded to 1900 South 55th Street on report of an explosion. N.T. 04/26/2016 at 53. Upon arrival, the first responders observed a 2009 Nissan Maxima fully engulfed in flames. N.T. 04/26/2016 at 53-54. After the fire was extinguished, police discovered the remains of Damien Bussey laying across the rear seat, wrapped in plastic. Id. The victim was pronounced dead by a paramedic at 4:01 am. A post mortem examination was performed on the remains of Mr. Bussey by Dr. Gary Collins who concluded, with a reasonable degree of medical certainty, that the manner of death was homicide, and the cause of death was blunt force trauma to the head and body. N.T. 04/26/2016 at 52-53. In addition, a Philadelphia Fire Marshall

---

[*] Former Justice specially assigned to the Superior Court.

concluded, within a reasonable degree of scientific certainty, that the fire in the Nissan Maxima was arson. N.T. 04/26/2016 at 63.

On October 1, 2013, with the assistance and permission of Mr. Bussey's family, members of the Homicide Unit gained access to the victim's apartment located at 3600 Conshohocken Avenue Apt. 316A. N.T. 04/26/2016 at 57. Upon entry, the detectives observed that the apartment was ransacked. N.T. 04/26/2016 at 60-61. As a result, the victim's apartment was declared a crime scene and a criminal investigation was commenced. During the investigation, members of the Homicide Unit obtained video footage from the cameras surveying the lobby and the exterior of the victim's apartment building. N.T. 04/26/2016 at 57. The surveillance video footage showed the victim leaving his apartment on September 29, 2013, at approximately 3:40 pm. He never returned. Id. On the other hand, the surveillance video footage did show, on September 29, 2013, at 11:31 pm., three (3) black men entering the apartment complex through the front door concealing their faces. On September 29, 2013, at 11:41 pm., the same three (3) black men were shown exiting the front entrance of the apartment building carrying weighted plastic shopping bags. N.T. 04/26/2016 at 59-60.

According to the factual predicate offered by the prosecutor, to which [Appellant] pled guilty, [Appellant] and his co-conspirators burglarized Damien Bussey's apartment and killed him[.] N.T. 04/26/2016 at 62-63. In addition, [Appellant] and his co-conspirators set the remains of the victim on fire in the backseat of a Nissan Maxima. Id.

PCRA Court Opinion, 12/5/19, at 2-3.

The PCRA court presented the following summary of the procedural history of this case:

On April 26, 2016, [Appellant] entered an open guilty plea before this court to third degree murder, robbery, burglary, arson, possession of an instrument of crime, and criminal conspiracy. N.T. 04/26/2016 at 70-72. In anticipation of the sentencing hearing, scheduled for June 27, 2016, this court ordered a pre-sentence report and mental health evaluation for [Appellant]. N.T. 04/26/2016 at 72-71. However, on June 27, 2016, at [Appellant's] request, the sentencing hearing was continued to

July 15, 2016. On July 14, 2016, [Appellant] filed a motion to withdraw his guilty plea, which the Commonwealth opposed. N.T. 07/15/2016 at 6-13. As a result, this court held an evidentiary hearing on August 1, 2016. N.T. 08/01/2016. On September 27, 2016, this court denied [Appellant's] motion to withdraw the guilty plea and scheduled a sentencing hearing. On September 30, 2016, this court sentenced [Appellant] to an aggregate term of not less than thirty (30) years and not more than sixty (60) years of state incarceration. N.T. 09/30/2016 at 33-35.

[Appellant] filed a notice of appeal on October 20, 2016. The Superior Court affirmed [Appellant's] judgment of sentence on June 25, 2018. [***Commonwealth v. Walker***, 193 A.3d 1099, 3458 EDA 2016 (Pa. Super. filed June 25, 2018) (unpublished memorandum).]

On August 29, 2018, [Appellant] filed [the instant PCRA] petition. Earl G. Kauffman, Esquire, was appointed PCRA counsel on June 14, 2019. On August 12, 2019, PCRA counsel filed a no merit ***Finley*** letter, pursuant to ***Pennsylvania v. Finley***, 481 U.S. 551 (1987). After an independent review of the record, this court issued a notice of intent to dismiss the petition, pursuant to Pa.R.Crim.P. Rule 907, on August 16, 2019. [Appellant filed *pro se* objections to the Rule 907 notice on September 4, 2019.] On September 27, 2019, this court formally dismissed the PCRA petition and granted PCRA counsel's motion to withdraw.

PCRA Court Opinion, 12/5/19, at 1-2.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

1. Whether PCRA Counsel & PCRA Court erred or abused discretion by dismissing the PCRA Petition without a hearing where, after using an incorrect standard of review, they find that the guilty plea is not invalid because Mr. Walker did not voice his displeasure with counsel's performance & by pleading guilty he gave up any right to assert an alibi defense.

Appellant's Brief at 4 (verbatim).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Before addressing the merits of Appellant's issue, we must determine whether the issue is properly before us. The PCRA court has asserted that the issues raised in Appellant's Pa.R.A.P. 1925(b) statement did not conform to the requirements of Pa.R.A.P. 1925. As the PCRA court observes, Appellant's Pa.R.A.P. 1925(b) statement "was neither specific nor concise." PCRA Court Opinion, 12/5/19, at 3. Upon review, we are constrained to conclude that any claims presented by Appellant are waived as too vague for the PCRA court to address.[1]

---

[1] We acknowledge that Appellant is proceeding in this appeal without the benefit of legal representation. However, Appellant is not entitled to any particular advantage because he lacks legal training. "Although this Court is

- 4 -

A concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa. Super. 2006) (quoting ***Lineberger v. Wyeth***, 894 A.2d 141, 148 (Pa. Super. 2006)). Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). ***See also Commonwealth v. Lopata***, 754 A.2d 685, 689 (Pa. Super. 2000) (stating that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal").

This Court has considered the question of what constitutes a sufficient Pa.R.A.P. 1925(b) statement on numerous occasions and has established that "[an] appellant's concise statement must properly specify the error to be addressed on appeal." ***Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011). "[T]he Rule 1925(b) statement must be specific enough for the

---

willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citing ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003)). ***See also Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) (observing that *pro se* status does not provide benefit to litigant or compel court to become counsel for a party).

trial court to identify and address the issue an appellant wishes to raise on appeal." *Id*. (brackets, internal quotation marks, and citation omitted).

The compulsory requirement of adhering to Pa.R.A.P. 1925 is captured in the following excerpt from *Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004):

> In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (Pa. 1999), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pennsylvania Rule of Appellate Procedure] 1925." *Lord*, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." *Id*. This Court explained in *Riley v. Foley*, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-[6]87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise[] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa. Super. 2002).

*Kanter*, 866 A.2d at 400.

Our law further makes clear that satisfaction of Pa.R.A.P. 1925 is not simply a matter of filing any statement. Rather, the statement must be concise and sufficiently specific and coherent as to allow the trial court to understand the specific allegation of error and offer a rebuttal. These requirements are evident in the following language from *Dowling*:

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

. . . While **Lord** and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that **Lord** should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, [a]ppellant's Concise Statement was not specific enough for the trial court to identify and address the issue [a]ppellant wished to raise on appeal. As such, the court did not address it. Because [a]ppellant's vague Concise Statement has hampered appellate review, it is waived.

**Dowling**, 778 A.2d at 686-687 (citations and quotation marks omitted).

Moreover, as we stated in **Reeves**:

[t]here is a common sense obligation to give the trial court notice as to what the trial court should address in its Rule 1925(a) opinion. While there is a middle ground that [an appellant] must travel to avoid having a Rule 1925(b) statement so vague that the trial judge cannot ascertain what issues should be discussed in the Rule 1925(a) opinion or so verbose and lengthy that it frustrates the ability of the trial judge to hone in on the issues actually being presented to the appellate court, *see Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004), that is not an onerous burden to place on [an appellant]. It only requires using a little common sense.

**Reeves**, 907 A.2d at 2-3.

In essence, the purpose of requiring a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b) is to allow the trial court to discern the issues an appellant intends to pursue on appeal and to allow the court to file an intelligent response to those issues in an opinion pursuant to Rule 1925(a). Appellant's Pa.R.A.P. 1925(b) statement fails in this regard.

Prior to addressing the merits of any claims, the PCRA court offered the following comment regarding Appellant's Pa.R.A.P. 1925(b) statement, which informs our conclusion:

> [Appellant] filed a [Pa.R.A.P. 1925(b) statement], but … said statement did not conform to the requirements of Pa.R.A.P. 1925(b). Specifically, the [Pa.R.A.P. 1925(b) statement Appellant] filed was neither specific nor concise. Thus, this court is compelled to both restate and reorganize [Appellant's Pa.R.A.P. 1925(b) statement] in order to cogently address the issues raised on appeal.

PCRA Court Opinion, 12/5/19, at 3. The PCRA court went on to present and address three issues it guessed Appellant attempted to present in his Pa.R.A.P. 1925(b) statement. *Id*. at 3.

Our review of the certified record reflects that Appellant's Pa.R.A.P. 1925(b) statement is nonspecific and fails to present any legal issues thoughtfully and cogently*.* Indeed, this Pa.R.A.P. 1925(b) document rambles on for four pages in a barely coherent fashion listing two allegations of error. Due to the vague and generalized language in Appellant's Pa.R.A.P. 1925(b) statement, the PCRA court was compelled to guess at the legal issues that Appellant sought to preserve and raise on appeal. The ultimate result of Appellant's nebulous presentation is that any issues he wished to raise in this appeal are lost in the midst of the rambling discourse laid out in his Pa.R.A.P. 1925(b) statement. Moreover, even if the PCRA court correctly guessed the issues Appellant wanted to raise, and wrote its opinion pursuant to that supposition, the issues are waived. *Kanter*, 866 A.2d at 400. Given the

foregoing, we conclude that Appellant's challenge to the PCRA court's order denying PCRA relief is waived. Therefore, we affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/20